UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>    v.<br><br>RICKEY D. CHRISTIAN,<br><br>    Defendant. | NO. CR-02-0056-EFS<br><br>**ORDER CONSTRUING MR. CHRISTIAN'S RULE 60(b) MOTION TO VACATE OCTOBER 14, 2004, ORDER DENYING 28 U.S.C. § 2255 MOTION AS A SUCCESSIVE HABEAS PETITION AND DENYING SUCH** |

BEFORE THE COURT is Rickey D. Christian's Rule 60(b) Motion to Vacate October 14, 2004, Order Denying 28 U.S.C. § 2255 Motion (Ct. Rec. 85). After reviewing the motion, applicable statutes, procedural rules, and case law, the Court is fully informed. As is explained below, the Court construes Mr. Christian's motion as a second or successive 28 U.S.C. § 2255 habeas petition and denies such motion due to lack of certification by a panel of the Ninth Circuit.

On August 5, 2005, Mr. Christian filed a Motion to Vacate, Set Aside, or Correct Sentence Pursuant to 28 U.S.C. § 2255 (Ct. Rec. 80), seeking relief on the following four grounds: (1) his Sixth Amendment rights were violated by receiving a sentence beyond that allowed in the offense of conviction, 18 U.S.C. § 922(g)(1), (2) his Fifth Amendment rights - to be aware of the crime charged and possible punishments - were

ORDER ~ 1

violated because the Court found him to be an Armed Career Criminal, (3) it is unconstitutional to utilize the United States Sentencing Guidelines to sentence the Defendant, and (4) the Court improperly concluded the Defendant qualifies as an Armed Career Criminal.  After analyzing these claims, the Court found the Defendant's rights were not violated and denied his habeas petition.  (Ct. Rec. 84.)  Approximately, one year later, Mr. Christian seeks relief from the denial of his habeas petition under Federal Rule of Civil Procedure 60(b).  Specifically, Mr. Christian contends: (1) it was improper for the Defendant to be sentenced under 18 U.S.C. § 924(e) when the jury did not return a verdict on this allegation, (2) it was unconstitutional for the Court to find the Defendant was an Armed Career Criminal and sentence the Defendant to more than ten years, (3) the Court's denial of his previous habeas petition was in violation of *United States v. Booker*, 125 S. Ct. 738 (2005), (4) the maximum sentence he could have received was ten years, (5) the untried 18 U.S.C. § 924(e) allegation should have been dismissed for want of prosecution, (6) his prior criminal convictions were not "crimes of violence" or "violent felonies" and consideration of such crimes violated the Ex Post Facto and Due Process clauses, and (7) he should be resentenced within the statutory maximum penalty for 18 U.S.C. § 922(g)(1).

Federal Rule of Civil Procedure 60(b) allows the Court to modify a previous order for the following reasons: "(1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence . . . ; (3) fraud . . .; (4) the judgment is void; . . . or (6) any other reason justifying relief from the operation of law."  The Court does not find

ORDER ~ 2

any Rule 60(b) provision applicable, absent potentially subsection (6) – "any other reason justifying relief from the operation of law." Rather, the relief sought by Mr. Christian is that afforded by a habeas petition, and many of his claims were actually brought in his initial habeas petition. *See* 28 U.S.C. § 2255; *Ortiz v.* Stewart, 195 F.3d 520, 520-21 (9th Cir. 1999); *Thompson v. Calderon*, 151 F.3d 918, 921 (9th Cir. 1998). Accordingly, Mr. Christian is subject to the second or successive motion limitation in § 2255:

> A second or successive motion must be certified as provided in section 2244 by a panel of the appropriate court of appeals to contain–
>    (1) newly discovered evidence that, if proven and viewed in light of the evidence as a whole, would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense; or
>    (2) a new rule of constitutional law, made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable.

Because Mr. Christian has not received such a certificate, **IT IS HEREBY ORDERED**: Petitioner Rickey D. Christian's Rule 60(b) Motion to Vacate October 14, 2004, Order Denying 28 U.S.C. § 2255 Motion **(Ct. Rec. 85)**, which is **CONSTRUED** as a second or successive habeas petition, is **DENIED**.

**IT IS SO ORDERED**. The District Court Executive is directed to

A. Enter this Order;

B. Provide a copy of this Order to the United States Attorney for the Eastern District of Washington and the Defendant/Petitioner at the following address:

///

///

///

ORDER ~ 3

```
            Rickey Darrell Christian
            Reg. # 10495-085
            Federal Correction Institution
            P.O. Box 6000
            Glenville, W.V. 26351-6000.
```

**DATED** this ___26th___ day of October, 2005.

```
                    S/ Edward F. Shea
                    EDWARD F. SHEA
              United States District Judge
```

Q:\Criminal\2002\0056.rule60.2255.deny.wpd

ORDER ~ 4