UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff/Respondent,<br><br>          v.<br><br>RICKY CHRISTIAN,<br><br>    Defendant/Petitioner. | NO. CR-02-56-EFS<br><br>**ORDER DENYING MR. CHRISTIAN'S HABEAS PETITION, CLOSING FILE, AND ISSUING A CERTIFICATE OF APPEALABILITY** |

Defendant Ricky Christian filed a Motion to Vacate Sentence and for Immediate Release pursuant to 28 U.S.C. § 2255 based on the Supreme Court's ruling in *Johnson v. United States*, 135 S. Ct. 2251 (2015), arguing that his prior convictions, including five prior burglary-related convictions, can no longer form the basis for an Armed Career Criminal Act sentencing enhancement. ECF No. 98. On March 15, 2016, the Court heard that motion. Russell Smoot appeared for the U.S. Attorney's Office (hereinafter, "the government"). Defense counsel Alison Guernsey represented Defendant, who was not present.[1] After reviewing the record and hearing from counsel, the Court denies Mr. Christian's habeas motion for the reasons set forth below.

---

[1] "A court may entertain and determine such motion without requiring the production of the prisoner at the hearing." 28 U.S.C. § 2255(c).

ORDER - 1

**A. Case History**

Mr. Christian was charged with being a felon in possession of a firearm under 18 U.S.C. § 922(g)(1), which subjected him to a statutory maximum of not more than 10 years imprisonment. ECF No. 1. The penalty slip warned Mr. Christian that if he was found to be an Armed Career Criminal under 18 U.S.C. § 924(e), which is the Armed Career Criminal Act (ACCA), then he would face a mandatory minimum imprisonment sentence of 15 years and a maximum imprisonment sentence of life. *Id.* at 2. Several months later, the government filed an Information to Establish Prior Convictions, wherein the government alleged that Mr. Christian is an Armed Career Criminal based on the following convictions: a 1978 California burglary, a 1979 Florida burglary, a 1981 entering to commit a felony (which is a lesser included offense to the charged first-degree burglary) in Indiana, a 1984 Indiana burglary, a 1985 Kentucky burglary II, and 10 counts of wanton endangerment in Kentucky in 1985. ECF No. 41. A week later, Mr. Christian proceeded to trial and was found guilty by the jury on the firearm charge. ECF No. 50.

For sentencing, the U.S. Probation Office prepared a presentence investigation report, and the government filed a sentencing memorandum, ECF No. 58. In its sentencing memorandum, the government maintained that Mr. Christian had six predicate offenses that qualified him as an Armed Career Criminal: five prior burglaries (the government considered the 1981 conviction for entering to commit a felony as a burglary because it was a lesser included offense of burglary), and the ten wanton endangerment convictions (which the government considered cumulatively

as one predicate offense). The government grouped its analysis of the burglary convictions under the following heading:

> **Defendant's prior convictions for burglary meet the definition of burglary required by 18 U.S.C. 924(e)(2)(B)(ii) because the prior convictions were for crimes having the elements of generic burglary.**

ECF No. 58 at 3 (emphasis in original). The government cited and applied *Taylor v. United States*, 495 U.S. 575, 598 (1990), in its request to the Court to find that Mr. Christian's five burglary convictions were enumerated predicate burglary offenses under ACCA. The government emphasized that the elements of each of the burglaries mirrored the generic elements required by *Taylor* in order to qualify as a burglary under ACCA.

The government then analyzed the wanton-endangerment convictions under the following heading:

> **Defendant's prior convictions for 10 counts of Wanton Endangerment meet the definition of "violent felony" required by 18 U.S.C. 924(e)(2)(B)(i) because Wanton Endangerment has as an element the "use, attempted use, or threatened use of physical force" against another person**.

ECF No. 58 at 7 (emphasis in original). The government submitted that wanton endangerment served as an ACCA predicate offense because it involves conduct that "*presents a serious potential risk of physical injury to another.*" *Id.* at 7-8 (quoting 18 U.S.C. § 924(e)(2)(B)(ii) (emphasis added by government)). The government also argued that Mr. Christian's Kentucky burglary II and wanton endangerment convictions, which occurred on the same date, were two separate offenses for purposes of ACCA. Therefore, the government submitted that Mr. Christian had six

ORDER - 3

predicate ACCA convictions. Mr. Christian did not file a sentencing memorandum or respond to the government's sentencing memorandum.

At the 2002 sentencing, the government stated that each of the five prior convictions for burglary and the wanton endangerment convictions (cumulatively) were ACCA predicate convictions. ECF No. 58 at 2. The government argued that the five burglary convictions, including the entering to commit a felony conviction, each qualified as an ACCA predicate offense under *Taylor v. United States*, 495 U.S. 575 (1990).[2] Without an objection from Mr. Christian, the Court proceeded to find that Mr. Christian was an Armed Career Criminal, *id.* at 7 & 12, and sentenced Mr. Christian consistent with the increased ACCA imprisonment penalty to 262 months imprisonment. ECF No. 61.

Mr. Christian appealed his judgment. ECF No. 62. The Ninth Circuit denied his appeal, finding in pertinent part that there was sufficient evidence to support his conviction. Because the Ninth Circuit did not discuss ACCA in its decision, the Court understands that Mr. Christian did not assert challenges to the application of ACCA on direct appeal. No. 02-30433, 86 Fed. Appx. 272 (9th Cir. 2004) (unpublished).

In 2004, Mr. Christian filed a motion for a habeas petition under 28 U.S.C. § 2255, seeking relief on the following four grounds: 1) his Sixth Amendment rights were violated by receiving a sentence beyond that allowed in the offense of conviction, 18 U.S.C. § 922(g)(1); 2) his Fifth Amendment rights - to be aware of the crime charged and possible punishments - were violated because the Court found him to be an Armed

---

[2] *Taylor* was the controlling precedent as to ACCA at that time.

ORDER - 4

Career Criminal; 3) it is unconstitutional to utilize the U.S. Sentencing Guidelines to calculate Mr. Christian's sentence; and 4) the Court improperly concluded that Mr. Christian qualified as an Armed Career Criminal. ECF No. 80. In regard to the ACCA-related grounds 2 and 4, the Court determined that Mr. Christian was given sufficient notice that, if convicted, he potentially faced an ACCA sentence, in light of the ACCA notice filed prior to trial and the in-limine arguments at trial, which sought to exclude evidence pertaining to the potential ACCA punishment. ECF No. 84. In addition, the Court found it "properly concluded at sentencing that Mr. Christian qualified as an Armed Career Criminal." *Id.* at 4. The Court denied Mr. Christian's habeas petition. Mr. Christian did not appeal this decision.

Approximately, one year later, Mr. Christian sought relief from the denial of his habeas petition under Federal Rule of Civil Procedure 60(b) on the grounds:

- it was improper for him to be sentenced under ACCA when the jury did not return a verdict on this allegation;
- it was unconstitutional for the Court to find him as an Armed Career Criminal and sentence him to more than ten years imprisonment;
- the Court's denial of his previous habeas petition was in violation of *United States v. Booker*, 125 S. Ct. 738 (2005);
- the maximum imprisonment sentence was ten years;
- the untried ACCA allegation should have been dismissed for want of prosecution;

ORDER - 5

- his prior criminal convictions were not "crimes of violence" or "violent felonies" and consideration of such crimes violated the Ex Post Facto and Due Process clauses; and
- he should be resentenced within the 10-year statutory maximum penalty for 18 U.S.C. § 922(g)(1).

ECF No. 85. The Court found Rule 60(b) inapplicable, as Mr. Christian was truly seeking relief under § 2255. Because Mr. Christian had not sought permission from the Ninth Circuit to file a second habeas petition, the Court denied his motion. ECF No. 87 (citing 28 U.S.C. §§ 2244 & 2255(h)).

About ten years later, in 2014, Mr. Christian filed a document, which he asked the Court to construe as an initial 28 U.S.C. § 2255 motion for relief, or any alternative writ by which he could be afforded relief. ECF No. 90. Mr. Christian asked the Court to find that its ACCA determination for four of the burglary convictions was erroneous in light of the 2013 *Descamps v. United States*, 133 S. Ct. 2276, decision. Mr. Christian argued that the imposed sentence violated his Sixth Amendment right because the Court, not a jury, found facts that increased his sentence above the standard 10-year mandatory minimum sentence set forth by his charged offense: felon in possession of a firearm, 18 U.S.C. § 922(g)(1). The Court again denied Mr. Christian's habeas motion because he had not sought certification from the Ninth Circuit before filing the successive § 2255 motion. ECF No. 91.

In 2015, counsel filed a motion to be appointed to assist Mr. Christian with collaterally attacking his ACCA sentence in light of *Johnson v. United States*, 135 S. Ct. 2551 (2015). ECF No. 92. Counsel

ORDER - 6

was appointed and sought permission from the Ninth Circuit to file a second or successive § 2255 motion on Mr. Christian's behalf. ECF No. 94. The Ninth Circuit granted the unopposed request: "[t]he unopposed emergency application for authorization to file a second or successive 28 U.S.C. § 2255 motion in the district court is granted." ECF No. 97. Mr. Christian filed his successive habeas petition, seeking vacatur of his ACCA sentence in light of *Johnson*. ECF No. 98. The government responded. ECF Nos. 99 & 102. In reply and at oral argument, counsel for Mr. Christian clarified the basis for his entitlement to relief: that his § 2255 motion satisfies the one-year statute of limitations because it was filed within one-year of *Johnson*, which invalidated the residual clause, a clause upon which the Court relied to find that the predicate offenses qualified as ACCA violent felonies, and therefore Mr. Christian is entitled to re-sentencing within the 10-year statutory maximum. Oral argument focused on the timeliness of Mr. Christian's habeas motion, with Mr. Christian arguing that it is timely and the government arguing that the motion is not timely because the Court determined at sentencing that Mr. Christian had more than three ACCA predicate burglary convictions under *Taylor*'s categorical approach and therefore *Johnson* does not serve as a spring board to start § 2255's 1-year statute of limitations.

**B. ACCA: From *Taylor to Descamps to Johnson***

Congress has made it unlawful for certain individuals to possess firearms, including a felon. Typically, a defendant found guilty of being a felon in possession of a firearm cannot be sentenced to more than ten years imprisonment. 18 U.S.C. § 924(a).

As indicated above, an individual found guilty of certain firearm-related charges can be found to be an Armed Career Criminal thereby increasing his potential prison term to a minimum of 15-years imprisonment and a maximum of life imprisonment under ACCA. ACCA applies if the firearm violator has three or more earlier convictions for a "serious drug offense" or a "violent felony." *Id.* Mr. Christian did not have any "serious drug offenses" and therefore the focus is on "violent felony."

ACCA defines a "violent felony" as "any crime punishable by imprisonment for a term exceeding one year" that:

1) "has as an element the use, attempted use, or threatened use of physical force against the person of another;"
2) "is burglary, arson, or extortion, [or] involves use of explosives;" or
3) "otherwise involves conduct that presents a serious potential risk of physical injury to another."

18 U.S.C. § 924(e)(2)(B). When Mr. Christian was sentenced in 2002, *Taylor v. United States* guided the ACCA analysis – and *Taylor* was utilized by the Court at sentencing.

The question in *Taylor* was whether the defendant's prior Missouri second-degree burglary convictions qualified as "burglary" for purposes of ACCA. 495 U.S. 575. The Supreme Court ruled that "an offense constitutes 'burglary' for purposes of a § 924(e) sentence enhancement [ACCA] if either its statutory definition substantially corresponds to 'generic' burglary, or the charging paper and jury instructions actually required to find all the elements of generic burglary in order to convict

ORDER - 8

the defendant." *Id.* at 602. Generic burglary is defined as "an unlawful or unprivileged entry into, or remaining in, a building or structure, with intent to commit a crime." *Id.* at 599. The process of comparing the federal generic burglary definition with the prior state statute of conviction was later termed the "categorical approach" in *Shepard v. United States*, 125 S. Ct. 1254 (2005). And the *Taylor* process that permits the sentencing court to look outside the statute of conviction to the indictment or information and the jury instructions was later termed the "modified categorical approach." *See Gonzales v. Duenas-Alvarez*, 549 U.S. 183, 187 (2007).

Following Mr. Christian's sentencing, the Supreme Court analyzed ACCA in *James v. United States*, focusing on the last ACCA provision, *i.e.*, "otherwise involve[e] conduct that presents a serious potential risk of physical injury to another," and labeled this provision of ACCA as the "residual provision." 550 U.S. 192, 197 (2007) (determining that a Florida conviction for attempted burglary was a violent felony under the residual provision).

The Supreme Court again interpreted ACCA and the residual clause in *Begay v. United States*, 553 U.S. 137 (2008), *Chambers v. United States*, 555 U.S. 122 (2009), and *Sykes v. United States*, 564 U.S. 1 (2011). In 2013, the Supreme Court clarified the analysis that the sentencing court is to use to determine whether a prior conviction is a violent felony under the categorical approach, and the modified categorical approach. *Descamps v. United States*, 133 S. Ct. 2276 (2013). In *Descamps*, the Supreme Court directed that if a prior conviction does not qualify as a violent felony under the categorical approach, the

ORDER - 9

sentencing court can proceed to use the modified categorical approach *if* the statute is divisible: the "statute lists multiple, alternative elements, and so effectively creates 'several different . . . crimes.'" *Id.* at 2285. The court may not move on to the modified categorical approach, *i.e.*, the court must determine the prior conviction is not a crime of violence, if the statute of conviction is indivisible, "*i.e.*, one not containing alternative elements—that criminalizes a broader swath of conduct than the relevant generic [federal] offense." *Id.* at 2281. Therefore, following *Descamps*, a court must engage in a divisible-indivisible analysis before applying the modified categorical analysis.

Then in the summer of 2015 the Supreme Court decided *Johnson v. United States*:

> hold[ing] that imposing an increased sentence under the residual clause of the Armed Career Criminal Act violates the Constitution's guarantee of due process. Our contrary holdings in *James* and *Sykes* are overruled. Today's decision does not call into question application of the Act to the four enumerated offenses, or the remainder of the Act's definition of a violent felony.

135 S. Ct. 2551, 2563 (2015). The Supreme Court found the residual clause unconstitutional because it "denies fair notice to defendants" and "due process of law." *Id.* at 2557.

**C.    Section 2255's Procedural Requirements**

In light of *Johnson,* Mr. Christian brings this motion pursuant to 28 U.S.C. § 2255. He contends that he is serving an illegal sentence because he has already served more than the 10-year statutory maximum he would have been subject to had this Court not found him to be an Armed Career Criminal under ACCA.

ORDER - 10

Section 2255(a) provides: "A prisoner in custody . . . claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." 28 U.S.C. § 2255(a). Yet, § 2255 imposes a one-year filing requirement. 28 U.S.C. § 2255(f) (listing the events from which the one-year filing deadline runs).

Mr. Christian's habeas petition was filed more than thirteen years after his December 2002 judgment. Therefore, it clearly was not filed from one-year of the finality of the judgment of conviction.[3] Mr. Christian submits his motion is timely under § 2255(f)(3)[4] because he

---

[3] This was Mr. Christian's fourth § 2255 motion. *See* ECF Nos. 80, 85, & 90. Therefore, § 2255(h) required the Ninth Circuit to certify that Mr. Christian may file a successive habeas motion. 28 U.S.C. §§ 2255(h) & 2244(b)(3)(B). The Ninth Circuit did so. ECF No. 97 ("The unopposed emergency application for authorization to file a second or successive 28 U.S.C. § 2255 motion in the district court is granted."). Inferentially, the Ninth Circuit determined that Mr. Christian showed that Mr. Christian made a prima facie showing that he satisfied the requirements of § 2244(b).

[4] Starting the one-year period of limitation from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made

ORDER - 11

filed it within one year of *Johnson*, wherein the Supreme Court recognized that the ACCA residual clause violates the Fifth Amendment's due process clause. 28 U.S.C. § 2255(f)(3).

Yet, the Supreme Court has not decided whether *Johnson* applies retroactively to cases on collateral review.[5] This issue is before the Supreme Court in *Welch v. United States*, which is set for oral argument the end of March 2016. No. 15-6418, 2015 WL 9666637 (2016).

Assuming, without deciding, that *Johnson* applies retroactively to cases on collateral review, the Court determines that *Johnson* does not provide Mr. Christian with relief from his ACCA sentence. At sentencing, the government presented Mr. Christian's five burglary convictions (4 burglaries and 1 entering to commit a felony) as satisfying ACCA's enumerated burglary offense provision. It was only the wanton endangerment convictions that the government asked the Court to find, as an entirety, as a predicate felony under ACCA's residual clause. Although Mr. Christian challenged the unfairness of the increased ACCA

---

retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3).

[5] In general, "a case announces a new rule if the result was not dictated by precedent existing at the time the defendant's conviction became final." *Teague,* 489 U.S. at 301. A three-step inquiry is used to determine whether the new rule of criminal procedure applies retroactively to a case on collateral review. *Beard v. Banks*, 124 S. Ct. 2504, 2510 (2004) (setting forth the three-step inquiry).

ORDER - 12

penalty, no challenge was made to the government's categorization of each of Mr. Christian's prior offenses under ACCA: 1) the burglaries under the enumerated burglary offense provision and 2) the wanton endangerment convictions under the residual clause. The Court did not specifically identify under which ACCA provision a particular conviction qualified as a violent felony; however, given the government's sentencing memorandum and oral argument at sentencing, the only proffered predicate-offense basis for the five burglaries was under ACCA's enumerated burglary offense provision, and for the wanton endangerment convictions was under ACCA's residual clause.

Therefore, even assuming the Court does not consider the wanton endangerment convictions as a predicate felony (because Johnson invalidated the residual clause), Mr. Christian still had five predicate felonies that qualified under the enumerated burglary offense provision. The Supreme Court in *Johnson* specifically noted that its decision "does not call into question application of the Act to the four enumerated offenses," including burglary. 135 S. Ct. at 2563.

Mr. Christian argues though that the Court must employ the *Descamps* divisible-indivisible analysis to determine whether his burglary offenses still qualify today as generic burglary offenses for purposes of calculating at least three ACCA predicate offenses, once the wanton-endangerment convictions are no longer counted as an ACCA predicate offense under the residual clause. However, Mr. Christian is thereby truly seeking relief from the Court's ACCA determination under *Descamps*, not *Johnson*. Even if *Descamps* was decided during the past year, it does not apply retroactively to cases on collateral review. *Ezell v. United*

ORDER - 13

*States*, 778 F.3d 762, 765-66 (9th Cir. 2015) (determining that *Descamps* corrected the Ninth Circuit's misunderstanding of the modified categorical analysis and was not setting forth a new rule of law).

Therefore, the Court finds Mr. Christian's § 2255 motion untimely. Under § 2255(f)(3), the one-year period runs from "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." Although Mr. Christian indicates that he seeks relief under *Johnson* by asserting his Fifth Amendment due process right to be provided fair notice that his wanton-endangerment conduct, and related convictions, could qualify as a violent felony, *Johnson* (even if applied retroactively) does not invalidate his five enumerated *burglary* offenses.

Accordingly, even after the one residual clause predicate offense is removed, Mr. Christian still had five predicate burglary offenses at the time of sentencing, and because *Descamps* is not retroactive, the Court will not utilize post-*Taylor* case law to determine whether Mr. Christian's prior burglary convictions are still considered generic burglary offenses. The Court abides by its decision at sentencing that Mr. Christian's five burglary convictions satisfy ACCA's enumerated burglary offense. This is the same position Mr. Christian was in following *Descamps* before *Johnson* was issued. *Johnson*, if retroactive, simply removes one of Mr. Christian's ACCA predicate offenses. For Mr. Christian to successfully argue that his ACCA sentence based on five predicate burglary convictions was not authorized by law, *Descamps* would have to be retroactive and, unfortunately for Mr. Christian, it is not.

ORDER - 14

**D.   Conclusion**

Because at least three of his convictions qualified as predicate offenses independent of the now-unconstitutional residual clause, *Johnson* does not afford Mr. Christian relief from the ACCA sentence and also does not serve to trigger § 2255's one-year statute of limitations. The Court is precluded from granting Mr. Christian relief.

For the above-given reasons, **IT IS HEREBY ORDERED**:

1. Mr. Christian's Motion to Vacate Sentence and for Immediate Release, **ECF No. 98**, is **DENIED**.

2. This file (and any related civil case) is **CLOSED**.

3. The Court **ISSUES** a certificate of appealability as to the issues raised by Mr. Christian in his 28 U.S.C. § 2255 motion, ECF No. 98. Although the Court denies Mr. Christian relief, the Court finds that Mr. Christian made a substantial showing of the denial of his Fifth Amendment due process right and therefore issues a certificate of appealability. *See* 28 U.S.C. § 2253(c)(1)(B).

**IT IS SO ORDERED.** The Clerk's Office is directed to enter this Order and provide copies to all counsel and the U.S. Probation Office.

**DATED** this   28th   day of March 2016.

                                                    s/Edward F. Shea
                                                  EDWARD F. SHEA
                            Senior United States District Judge